IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **TRAVIS CUMMINGS,** | : |
| **Plaintiff,** | : |
| VS. | : NO. 5:22-CV-00019-TES-CHW |
| **WARDEN WALTER BERRY**, *et al.*, | : |
| **Defendants.** | : |

## ORDER AND RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Travis Cummings, an inmate currently incarcerated at the Baldwin State Prison in Hardwick, Georgia, has paid the required initial partial filing fee. Plaintiff's claims are now ripe for review pursuant to 28 U.S.C. § 1915(e) and § 1915A. Upon review, Plaintiff's failure-to-protect claims against Defendants Berry, Martin, Whipple, Whomble, and Lumpkin shall proceed for further factual development. It is **RECOMMENDED,** however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

**I.      Standard of Review**

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes

apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.

*Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.     Factual Allegations

Plaintiff's claims arise from his detention at the Baldwin State Prison ("BSP"). Compl. 5, ECF No. 1. According to the Complaint, the conditions at BSP have "put [his] life in grave danger" because the prison is significantly understaffed and "drug infested." *Id.* Plaintiff contends that he has "witnessed multiple deaths and assaults" and that he has personally been "stabbed/assaulted with locks." *Id.* Plaintiff further contends that conditions are so dangerous that "officers on duty look for protection from [the] inmates" and "do not enforce punishment when inmates are caught with knives." *Id.* Plaintiff further contends that the prison's "[d]oors, fire, sprinkler system are in need of repair" and that there is "a massive mold infestation." *Id.* He additionally avers that "the GDC has prevented [him] from seeing [his] family" due to the COVID-19 pandemic and that the GDC's "lack of mask-wearing, social distancing, or vaccination policies since the

3

pandemic began have only contributed to the spread of covid for us an[d] staff." *Id.* Plaintiff thus alleges that his treatment at BSP has violated his constitutional rights, and as a result he seeks injunctive relief and monetary compensation. *Id.* at 6.

### III. Plaintiff's Claims

#### A. Eighth Amendment Failure-to-Protect Claims against Individual Defendants

Plaintiff's Complaint gives rise to a claim that Defendants failed to protect him from being assaulted at BSP. This type of claim is generally cognizable under the Eighth Amendment to the United States Constitution. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prisoner asserting an Eighth Amendment failure-to-protect claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). To establish deliberate indifference in this context, a prisoner must show that prison officials subjectively knew of the substantial risk of serious harm and that the prison officials knowingly or recklessly disregarded that risk. *Id.* at 1332.

Plaintiff has named five supervisory officials at the prison as Defendants in this action: Walter Berry, the BSP warden; Eric Martin, Regina Whomble, and Tracey Lumpkin, deputy wardens at BSP; and Pretrillion Whipple, the chief counselor at BSP.¹

---

¹ In other cases that appear to be related to this one, Defendant Whomble has been identified as the Deputy Warden of Care and Treatment and Defendant Martin has been identified as the Deputy Warden of Security. *See, e.g.,* Compl. 1, ECF No. 1 in *Vass v. Georgia*, 5:21-cv-00373-MTT-CHW (M.D. Ga. Oct. 25, 2021). The most recent Georgia Department of Corrections Facilities Directory identifies Defendant Martin as the current

It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Rather, supervisors can only be held liable under § 1983 if they personally participated in unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted).

In this case, Plaintiff has pleaded facts showing that each of these supervisory prison officials should have been on notice of the need to correct the dangerously unsafe conditions at the jail and failed to do so. Plaintiff alleges that beginning in 2020 and continuing until the present day, he has witnessed multiple deaths and assaults and been personally stabbed and beaten. Compl. 5, ECF No. 1. In addition, Plaintiff contends that the level of violence at BSP is such that prison guards ask for protection from inmates and

---

Deputy Warden of Security and Defendant Lumpkin as the current Deputy Warden of Care and Treatment.

do not attempt to enforce punishment when inmates have weapons. At this early stage of the litigation, the Court cannot say that Plaintiff's failure-to-protect claims against each of these Defendants is necessarily frivolous. As such, they shall be allowed to proceed for further factual development.

### B.  Eighth Amendment Conditions-of-Confinement Claims

Plaintiff also alleges that other conditions at BSP violate his Eighth Amendment rights. Plaintiff contends that the doors and fire sprinkler systems need repair, that the prison is infested with mold, that the prison has not taken proper precautions concerning the spread of COVID-19, and that he has not received adequate visitation or yard call. Compl. 5, ECF No. 1. These claims are too vague and conclusory to state an actionable constitutional claim.

It is well-established that even though "the Constitution does not mandate comfortable prisons," a prisoner's claim that the conditions of his confinement constitute cruel and unusual punishment may state a claim for relief under the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). To state a conditions-of-confinement claim, a prisoner must show that the deprivations he suffers are objectively and sufficiently "serious" or "extreme" so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010); *see also Brooks v. Warden*, 800 F.3d 1295, 1303-04 (11th Cir. 2015). This standard is only met when the challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir.

2004) (internal quotation marks omitted), or if society "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *Helling v. McKinney*, 509 U.S. 25, 36 (1993). The prisoner must also show that prison officials acted with deliberate indifference, i.e., that the officials knew that the challenged conditions posed an excessive risk to the prisoner's health or safety but disregarded them. *Swain v. Junior*, 958 F.3d 1081, 1088-89 (11th Cir. 2020).

In this case, Plaintiff has failed to show that the conditions about which he complains at BSP rose to the level of a constitutional violation. First, this Circuit has "never held that convicted prisoners have a constitutional right to outdoor exercise." *Jones v. Diamond*, 594 F.2d 997, 1013 (5th Cir. 1979), *on reh'g*, 636 F.2d 1364 (5th Cir. 1981). Thus, "a complete denial . . . of outdoor exercise, although harsh, [does] not violate the Eighth Amendment." *Bass v. Perrin*, 170 F.3d 1312, 1317 (11th Cir. 1999). Plaintiff's allegations that he was deprived of yard call for some unspecified length of time therefore do not state a constitutional claim, particularly in the absence of any other facts that could demonstrate that the deprivation amounted to an Eighth Amendment violation.

Likewise, prisoners do not enjoy an absolute constitutional right to visitation. *See, e.g., Evans v. Johnson*, 808 F.2d 1427, 1428 (11th Cir. 1987) (per curiam). "Even so, limitations of visitation may be imposed only if they are necessary to meet legitimate penological objectives, such as rehabilitation and the maintenance of security and order." *Lynott v. Henderson*, 610 F.2d 340, 342-43 (5th Cir. 1980); *see also Overton v. Bazzetta*,

7

539 U.S. 126, 137 (2003) (noting that while temporary withdrawal of visitation privileges as a means of effecting prison discipline does not violate a prisoner's constitutional rights, the withdrawal of all visitation privileges may give rise to a constitutional claim if the sanction is "permanent or for a much longer period or if it were applied in an arbitrary manner to a particular inmate"). But Plaintiff has alleged that the prison limited visitation in response to the COVID-19 pandemic, and controlling the spread of disease is certainly a legitimate penological objective. Plaintiff also fails to provide any specific facts that would show that Defendants were deliberately indifferent to the spread of COVID-19 in the prison.[2] These claims should therefore be dismissed without prejudice.

Plaintiff's vague and conclusory statements that the prison is "infested" with mold and that the doors and fire sprinkler system need repairs also fail to state a constitutional claim. While these alleged conditions could potentially state a claim for relief if accompanied with specific facts showing the seriousness of these conditions, Plaintiff has not supplied the Court with any such facts. *Moulds v. Bullard*, 345 F. App'x 387, 393

---

[2] At most, Plaintiff briefly mentions his belief that that the prison may not have taken adequate precautions with respect to masking, social distancing, or vaccination, but he does not provide any details concerning this alleged lack of precautions. Moreover, standing alone, the fact that the prison chose to take some precautions but did not (or could not) take others does not undermine the conclusion that limiting the number of outside individuals entering the prison was related to prison officials' goal of limiting the spread of COVID-19, nor does it necessarily mean that Defendants were deliberately indifferent in this case. *Cf., e.g., Swain v. Junior*, 961 F.3d 1276, 1289 (11th Cir. 2020) (holding that prison officials did not act with deliberate indifference when they were "faced with a perfect storm of a contagious virus and the space constraints inherent in a correctional facility" and took a number of measures to curb the spread of COVID-19 in the prison, even though the rate of infections rose and social distancing was not possible).

(11th Cir. 2009) (per curiam) (holding that prisoner's "general claim that overcrowding at [the jail] led to unsanitary conditions" did not state a conditions-of-confinement claim where prisoner "did not state any details that would indicate how 'extreme' those conditions were, and did not contend that he personally faced a health risk as a result of any of these conditions"); *see also Shrader v. White*, 761 F.2d 975, 985-86 (4th Cir. 1985) (holding that violations of state fire safety regulations, standing alone, did not give rise to Eighth Amendment violation). Without these facts, Plaintiff has failed to show that the conditions of his confinement were objectively serious enough to state a constitutional claim. These claims are therefore also subject to dismissal.

## IV. Conclusion

As discussed herein, Plaintiff's failure-to-protect claims against Defendants Berry, Martin, Whipple, Whomble, and Lumpkin shall proceed for further factual development. It is **RECOMMENDED,** however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written

9

objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Berry, Martin, Whipple, Whomble, and Lumpkin, it is accordingly **ORDERED** that service be made on those Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines

that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.  The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with

his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such

requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 17th day of May, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge